UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHIA SAVANNAH WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL PALLARES, Acting Warden,<br><br>Respondent. | No. 2:20-cv-01519 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding in pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  Petitioner's claims have not been presented to the California

////

1 Supreme Court. See ECF No. 1 at 2.[1] However, "a district court has the discretion to stay and
2 hold in abeyance fully unexhausted petitioners under the circumstances set forth in Rhines."
3 Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)).
4 Accordingly, the undersigned will provide petitioner an opportunity to move for a stay under
5 Rhines.

6 A district court may properly stay a habeas petition and hold it in abeyance pursuant to
7 Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).
8 Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an
9 unexhausted claim to the state courts. Rhines, 544 U.S. at 277.  Assuming the petition itself has
10 been timely filed, such a stay "eliminates entirely any limitations issue with regard to the
11 originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at
12 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a
13 failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially
14 have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in
15 pursuing the litigation.  Rhines, 544 U.S. at 277-78. Although good cause does not require
16 "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a
17 failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court
18 should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019,
19 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth
20 Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024.
21 Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported
22 by sufficient evidence, to justify that failure."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).
23 Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and
24 abeyance in which she sets forth good cause for failure to exhaust her claims prior to filing her
25 ////
26 ////
27
28 [1] Petitioner did present the claims to the California Court of Appeal, but according to the petition, not to the California Supreme Court.

current federal habeas petition; that her unexhausted claims are meritorious; and that she has not been dilatory in proceeding on her claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall have thirty days to file a motion for stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); and

2. Petitioner is warned that failure to file a motion for stay and abeyance within the court's deadline will result in a recommendation that this action be dismissed as unexhausted.

Dated: August 7, 2020

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE