UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHIA SAVANNAH WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL PALLARES, Acting Warden,<br><br>Respondent. | No. 2:20-cv-01519 JAM GGH P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay this action pending exhaustion of her state court remedies. ECF No. 25.

*Motion to Stay*

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially

1  have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in
2  pursuing the litigation. Rhines, 544 U.S. at 277-78. What constitutes good cause has not been
3  precisely defined except to indicate at the outer end that petitioner must not have engaged in
4  purposeful dilatory tactics, Rhines, 544 U.S. at 277- 78, and that "extraordinary circumstances"
5  need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544
6  U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose
7  the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal
8  citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained
9  to address tricky exhaustion determinations). "But as the Jackson court recognized, we must
10 interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme
11 Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited
12 circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences
13 and to encourage petitioners to exhaust their claims in state court before filing in federal court."
14 Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661)
15 (internal citations omitted).

   In her motion, petitioner states the COVID-19 pandemic greatly impacted her ability to
receive "any court paperwork" from prison and that there was no "attempt to locate [petitioner] at
the Shasta County Jail" where she was located the past 13 months. ECF No. 25-1 at 1. Petitioner
attests during this time, petitioner did not have counsel and as a result was not told about "due
dates or to sign any court documents that [she] had to submit." Id. at 2. Petitioner further states
she "had no knowledge about any court activities or proceedings going on" and that her "learning
disability" makes it "really hard for [her] to express things." Id. For these reasons, petitioner
requests this court to grant her stay. Id.

   Petitioner has not established grounds for a stay under Rhines. Petitioner has not shown
good cause for her failure to fully exhaust her claims in state court. Petitioner provides bare
assertions in her motion and does not provide this court with sufficient reasoning as to why she
did not present her claims to the California Supreme Court prior to filing in federal court. "Good
cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient

2

evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Here, the court does not find a stay is proper. See Wooten, 540 F.3d at 1024 (Pursuant to the United States Supreme Court instruction in Rhines, a district court should only stay petitions in "limited circumstances.") Based on the present motion, the undersigned recommends this motion be denied and the habeas petition be dismissed for failure to exhaust state court remedies.

*Motion for Appointment of Counsel*

Petitioner has requested the appointment of counsel. ECF Nos. 27, 30). There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

IT IS HEREBY ORDERED that petitioner's requests for appointment of counsel (ECF Nos. 27, 30) is denied.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay and hold the petition in abeyance (ECF No. 25) be denied; and
2. The habeas petition (ECF No. 1) be dismissed without prejudice for failure to fully exhaust claims in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: November 4, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE