UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHIA SAVANNAH WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL PALLARES,<br><br>Respondent. | Case No. 2:20-cv-01519-JAM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION TO REOPEN CASE AND REQUEST FOR COURT ORDER BE DENIED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF Nos. 38 & 39 |

This petition under section 2254 was dismissed without prejudice on December 16, 2021, after it was determined that petitioner had not exhausted her claims and had failed to show good cause for a stay. ECF Nos. 31 & 36. Now petitioner has filed two motions to re-open the case, which I construe as motions to amend or alter judgment under Rule 59(e). ECF Nos. 38 & 39. She has not met the high standards for granting such a motion, however, and I recommend that both be denied.

A grant of a motion to amend or alter judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[1] *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm.

---

[1] The Ninth Circuit has instructed that, in the habeas context, a court must consider whether a motion for reconsideration is, effectively, a successive petition. *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). The motions for reconsideration here do not raise new claims and are not successive. *Id.* at 493 (holding that the rule against successive petitions applies to Rule 59(e) motions in the habeas context only when the motion raises entirely new claims).

1

1    Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A motion to amend or alter
2    judgment should be granted only where a court "'is presented with newly discovered evidence,
3    committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v.*
4    *Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v.*
5    *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

6        Here, Judge Hollows found that petitioner had failed to exhaust her claims and had not
7    shown good cause for a stay.[2]  ECF No. 31 at 2-3.  Judge Mendez agreed and adopted Judge
8    Hollows' recommendations.  ECF No. 36.  Petitioner's motions for reconsideration do not offer
9    any legal argument attacking those findings.  Instead, she argues that she is ignorant of the law
10   and that circumstances at her prison, including non-delivery of mail, made it difficult to make
11   timely filings.  ECF No. 39 at 2.  The record shows that Judge Hollows weighed similar
12   arguments in his recommendations denying the stay.  ECF No. 31 at 2.  Petitioner has not
13   presented any new evidence by which a motion for reconsideration could be granted.

14       Petitioner also requests that counsel be appointed for her.  ECF No. 38 at 2.  In denying
15   the motions for reconsideration, I necessarily recommend denying petitioner's request for
16   appointment of counsel.

17       For the foregoing reasons, I recommend that petitioner's motion to reopen the case, ECF
18   No. 38, and motion for court order, ECF No. 39, be denied.

19       These findings and recommendations are submitted to the U.S. district judge presiding
20   over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the
21   service of the findings and recommendations, the parties may file written objections to the
22   findings and recommendations with the court and serve a copy on all parties.  That document
23   must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
24   presiding district judge will then review the findings and recommendations under 28 U.S.C.
25   § 636(b)(1)(C).

---

[2] Judge Hollows was assigned to this case until December 16, 2021, when I was assigned to the case.  ECF No. 35.

1  IT IS SO ORDERED.
2
3
4  Dated: ____May 23, 2022____                    _____
                                                  JEREMY D. PETERSON
5                                                 UNITED STATES MAGISTRATE JUDGE