UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHIA SAVANNAH WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL PALLARES,<br><br>Respondent. | Case No. 2:20-cv-01519-TLN-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY BE DENIED AS MOOT AND THE JUDGMENT DISMISSING HER PETITION AS UNEXHAUSTED BE VACATED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 51 |

Petitioner, proceeding *pro se*, filed her initial petition on July 29, 2020. ECF No. 1. In June 2021, she moved to stay this action, citing the difficulty of litigating during the ongoing pandemic. ECF No. 25. On November 4, 2021, the then-assigned magistrate judge recommended that her motion to stay the petition be denied and that her claims be dismissed for failure to exhaust in state court. ECF No. 31. Those recommendations were adopted by the then-assigned district judge on February 9, 2022, ECF No. 36, and this case was closed.

Petitioner moved to reopen the case on February 18, 2022, and she also moved for appointment of counsel. ECF No. 38. The prior magistrate judge had retired by that time, and the case had been reassigned to me. ECF No. 35. I recommended that her motion to reopen be denied after finding that she had not presented any legal argument justifying a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e). ECF No. 40. Those recommendations were adopted by Judge Nunley, ECF No. 49, who was assigned to this case after the prior district judge took senior status, ECF No. 44.

1

On October 27, 2022, petitioner, now represented by counsel, moved for a certificate of appealability. ECF No. 51. Therein, her counsel argued that she had, in fact, exhausted some of her claims before the California Supreme Court and that she had forgotten to check the appropriate box on the federal habeas form. *Id.* at 12. Petitioner indicated as much in a letter sent to the court in March 2021. ECF No. 9. Counsel also argues that petitioner should have been allowed to manage her unexhausted claims by way of a stay under either *Rhines v. Webber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). Finally, petitioner argues that, now that she has obtained counsel, it would be unjust to hold her to an outcome based on her *pro se* filings. ECF No. 51 at 18. In the alternative, petitioner argues that the court should vacate the previous judgment of dismissal, re-open the case, and allow her counsel to file an amended petition. *Id.* at 18-19. I construe this final, alternative request as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and recommend that it be granted.

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from a final judgment for "any other reason that justifies relief." Here, I find that two reasons weigh in favor of vacating the earlier judgment and allowing petitioner's counsel to file an amended petition. First, there is substantial uncertainty as to whether certain of petitioner's claims were exhausted in state court. Both that question and the question of whether any stay is warranted are better resolved now, with the benefit of plaintiff's newly retained counsel, rather than through a lengthy appellate process. Second, petitioner's argument that she be allowed, through her counsel, to present the strongest version of her petition is compelling.[1] This court often denies *pro se* litigants' requests for counsel for want of resources. There are far more litigants in need of counsel than there are willing and available attorneys. Here, after multiple requests for counsel were denied, petitioner was able to secure counsel on her own. The interests of justice weigh in favor of allowing her to fully employ that benefit.

---

[1] Petitioner notes that, aside from her own litigative inexperience, the COVID-19 pandemic hindered her ability to effectively prosecute this action. ECF No. 51 at 9.

Accordingly, I recommend that petitioner's motion ECF No. 51, be GRANTED in part:

    1. The judgment at ECF No. 6 and the order adopting my previous recommendations at ECF No. 49 should be VACATED.

    2. The request for a certificate of appealability should be DENIED as moot.

    3. This case should be re-opened and petitioner should be directed to file, through her counsel, an amended petition within thirty days of any order adopting these findings.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 12, 2023                                  
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE